UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GREGORY WAYNE MYLES** | **CIVIL ACTION NO. 11-2045-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Gregory Wayne Myles ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was filed in the United States District Court for the Middle District of Louisiana on October 3, 2011, and by order was transferred and filed in this court on November 23, 2011. Petitioner was incarcerated in the East Baton Rouge Work Release Center in Baton Rouge, Louisiana, when he filed this petition. He challenges his state court conviction and sentence. He names the Warden as respondent.

Petitioner pleaded guilty on March 6, 2008, to one count of DWI Fourth Offense in Louisiana's First Judicial District Court, Parish of Caddo. He was sentenced to 10 years imprisonment at hard labor. The court ordered all but 60 days of the hard labor sentence

suspended and placed him on supervised probation for four years with special conditions. He was sentenced to serve 60 days imprisonment without benefit of parole, probation, or suspension of sentence. He violated his probation and on April 27, 2009, his probation was revoked and his original 10 year sentence was imposed.

In support of this petition, Petitioner alleges (1) he was denied a preliminary examination, and (2) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

>   applicant was prevented from filing by such State action";
>
> 3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or
>
> 4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted and sentenced on March 6, 2008. Petitioner did not seek direct review of his conviction and sentence in the state courts. Accordingly, his conviction and sentence became final on April 5, 2008, when the delay for applying for an appeal expired and no appeal was filed. See. La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in the United States District Court for the Middle District of Louisiana on October 3, 2011 and signed by Petitioner on September 29, 2011. Since the federal clock began ticking on April 5, 2008 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before April 5, 2009. This petition was not filed until September 2011 at the earliest, more than two years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed an application for post-conviction relief in the Louisiana First Judicial District Court on October 2, 2009. Review of this application continued until the Supreme Court of Louisiana denied writs on September 16, 2011. To toll the federal limitation period, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not submit his first state post-conviction application until October 2009, which were both after the limitation period had already expired in April 2009.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

**OBJECTIONS**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 23rd day of April 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge